FILED
United States Court of Appeals
Tenth Circuit

October 16, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

WADE COLE,

        Petitioner,

v.

ARI ZAVARAS, Director of the
Colorado Department of Corrections,

        Respondent.

No. 09-1293

(D. of Colo.)

(D.C. No. 07-cv-1197-WDM-KMT)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Wade Cole was convicted by a Colorado jury of enticement of a child,

Colo. Rev. Stat. § 18-3-305. He is currently serving an indeterminate sentence of

ten years to life. Proceeding pro se,[1] Cole seeks a certificate of appealability

(COA) to challenge the district court's denial of his habeas corpus petition under

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Cole proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Brown v. Perrill*, 21 F.3d 1008, 1009 (10th Cir. 1994).

28 U.S.C. § 2254. Cole seeks relief under a litany of legal theories, including ineffective assistance of counsel, and violation of his First, Fourth, Fifth and Fourteenth Amendment rights.

After carefully reviewing the record, we conclude Cole is not entitled to relief on any claim. Exercising jurisdiction under 28 U.S.C. § 2253, we therefore DENY his COA request and DISMISS his appeal.

## I. Background

During the period of February 2001 to July 2001, Cole was engaged in internet correspondence with a police officer who, as part of a sting operation, was posing as a 14-year-old girl. Their correspondence was often sexual in nature and Cole repeatedly discussed the sexual acts that would take place when he and the girl spent time at his house. In July 2001, Cole arranged for a meeting with this girl at a local mall, and was arrested when he arrived at the appointed meeting place.

Cole was charged with enticement of a child and attempted sexual assault on a child. After a jury trial of three days, the jury returned a guilty verdict on the enticement count, but was unable to reach a verdict on the attempted assault count. Cole subsequently agreed to admit to a previous sex offense, and in exchange, the prosecution dismissed the attempted assault count. On July 15, 2002, Cole was sentenced to an indeterminate sentence of ten years to life.

Cole timely appealed his conviction to the Colorado Court of Appeals, raising six issues regarding alleged errors in the district court. A divided panel affirmed his conviction. *People v. Cole*, No. 02CA1693, 2004 WL 914989 (Colo. Ct. App. April 29, 2004). Cole filed a petition for a writ of certiorari with the Colorado Supreme Court, which was denied. He then pursued state post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c), raising twenty-seven claims of error. The trial court denied relief, and the Colorado Court of Appeals affirmed.

Cole then sought federal habeas review of his conviction under 28 U.S.C. § 2254, raising thirty-three claims of error. After a thorough analysis of each of Cole's numerous claims, the district court found that two of his claims failed to present a cognizable federal claim, and thirteen of his claims were procedurally defaulted through a failure to exhaust state remedies.[2] The district court

---

[2] The district court found the following claims failed to state a cognizable federal claim: that the trial court should have granted a hearing on Cole's Colorado Rule 35(c) motion, and that the Colorado Court of Appeals violated Cole's rights when it denied Cole's requests for documents. The district court found that the following claims were unexhausted and therefore procedurally barred: the judge was biased; the trial court misinterpreted the relevant statute; enticement of a child over the Internet was not a crime at the time of Cole's actions; admission of evidence obtained after a search of Cole's apartment violated his Fourth Amendment rights; destruction of evidence; insufficient evidence; Cole's conviction was actually for an attempt to attempt a crime; improper jury instructions; a speedy trial violation; impermissible constructive amendment of the enticement charge; police criminal violations in the operation of the sting; cumulative errors at trial resulting in a structural error; and a flawed felony complaint. *Cole v. Zavaris* [sic], No. 07cv1197, 2009 WL 1600556, at *2

(continued...)

addressed the remaining eighteen claims on the merits and found that none presented grounds for relief. The district court therefore denied Cole's habeas petition, *Cole v. Zavaris* [sic], No. 07cv1197, 2009 WL 1600556, at \*25 (D. Colo. June 4, 2009), and denied Cole's request for a certificate of appealability.

Cole then petitioned this court for a COA.

## II. Discussion

To obtain a COA, Cole must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). To be entitled to a COA, Cole need not establish that he will succeed on appeal, but he must prove more than "the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338 (internal quotation marks omitted). Our role is to conduct an "overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 336.

---

[2](...continued)
(D. Colo. June 4, 2009).

**A.    Procedurally Barred Claims**

When a petitioner's claims are denied on procedural grounds, the reviewing court undertakes a two-part analysis in determining whether a COA is warranted. The petitioner must show not only a substantial denial of a constitutional right, but that the procedural bar applied by the district court was at least debatably incorrect. *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

*1.    Failure to State Cognizable Federal Claim*

The district court found that claims four and thirty did not state a federal claim since they only challenge the state's treatment of his post-conviction motion. Because "the constitutional error [Cole] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citations omitted). We agree with the district court's determination and accordingly deny Cole a COA on these issues.

*2.    Failure to Exhaust*

A writ of habeas corpus may not be granted unless the applicant has exhausted his available state court remedies, with an exception for circumstances

-5-

in which the existing remedies are not sufficient to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). Exhaustion requires that "the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). After comparing Cole's federal habeas petition with his post-conviction appeal and his Colorado Rule 35(c) motion, the district court found that thirteen of his claims were not fairly presented as federal constitutional claims during his state proceedings and therefore were unexhausted.

Our review of the record confirms that these claims were not presented to the state courts as *federal* constitutional claims. In some instances, Cole states in a conclusory fashion that the alleged error violated his federal constitutional rights, but he cites no federal case law to support those claims and does little to connect the claim with the rights he alleged were violated. "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Gray v. Netherland*, 518 U.S. 152, 163 (1996). For this reason, we agree with the district court's determination that these claims were unexhausted.

Furthermore, these claims cannot now be presented in a state court. Colorado law prevents prisoners from bringing claims previously raised in a prior appeal or post-conviction proceeding, or claims that could have been

presented—but were not—in a prior appeal or post-conviction proceeding. Colo. R. Crim. P. 35(c)(3). Therefore these claims are procedurally defaulted, and we will not address them "unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citations omitted). "Cause" requires a showing that "some objective factor external to the defense impeded" the ability of the petitioner to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496. Cole has presented no evidence or argument to show either cause or a fundamental miscarriage of justice.

The district court was therefore correct in applying a procedural bar to these claims, and reasonable jurists would not find this decision debatable.

### B. Claims Addressed on the Merits

The district court addressed the remainder of Cole's claims on the merits, but likewise found them insufficient to grant habeas relief.

For substantially the same reasons as the district court's order, we conclude that Cole is not entitled to a COA on any of his claims. Cole has presented nothing on appeal to suggest that the district court's denial of his habeas petition was debatable or wrong.

### 1. *Subject Matter Jurisdiction*

Claims thirty-one through thirty-three attack the subject matter jurisdiction of the state trial court based on the argument that the statutes under which Cole was convicted "do not constitutionally exist." Though these claims were not presented to a state court, because they attack subject matter jurisdiction they are not procedurally barred under Colorado Rule of Criminal Procedure 35(c), and the district court exercised its discretion under 28 U.S.C. § 2254(b)(2) to assess these claims on the merits. The district court found meritless Cole's claims that Colorado Revised Statutes § 18-3-305 was unconstitutional due to a lack of an enacting clause. This claim does not present a substantial showing of a denial of a constitutional right, and a COA would be inappropriate.

### 2. *Existence of a Child*

The district court construed claims one, twelve and sixteen as asserting that Cole's conviction was improper because the state never proved the existence of a child victim. Cole presented this argument during his original trial and in all subsequent state proceedings, and the state courts rejected his interpretation of the statute. A state court's "interpretation of the state . . . statute is a matter of state law binding on this court" in habeas proceedings. *Parker v. Scott*, 394 F.3d 1302, 1319 (10th Cir. 2005). Therefore, these claims cannot be grounds for habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

-8-

Supreme Court" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Cole has pointed to no contrary Supreme Court holdings, as opposed to mere dicta, *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003), to indicate that these state court decisions were contrary to any clearly established federal law. We therefore decline to issue a COA on these claims.

3.     Miranda *Violation*

In claim two, Cole asserts that his statements were unconstitutionally admitted against him in violation of *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). During his interrogation, Cole was questioned briefly before being given a *Miranda* warning, and the trial court admitted only those statements made after the warning had been given. Furthermore, these statements were never presented to the jury. Cole has failed to establish a substantial showing of the denial of a constitutional right, and therefore we decline to issue a COA on this claim.

4.     *Fourth Amendment Violations*

Claims three, five and twenty-eight involve alleged violations of Cole's Fourth Amendment rights. A state prisoner may not obtain habeas relief based on a violation of his Fourth Amendment rights unless he was denied the opportunity for full and fair litigation of those claims in the state courts. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Matthews v. Workman*, 577 F.3d 1175, 1194 (10th Cir. 2009). Cole presented all of these claims during his trial, and raised them again on direct appeal, and in his state post-conviction motions. We find the district

court's dismissal of these claims applied the proper law in a manner that no reasonable jurists would find debatable, and therefore we decline to issue a COA on these claims.

## 5. *Freedom of Speech*

In claim six, Cole argues his conviction violated his First Amendment right to freedom of speech, since it was based on protected speech—i.e., his e-mails. Cole cites *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). He appears to equate "virtual" child pornography with the exchange of e-mails with a person who was only impersonating a child. This case does not provide support for Cole's assertion that he has a constitutionally protected right to engage in speech directed at a person believed to be a minor that solicits and encourages unlawful sexual behavior. He has failed to present any indication of a denial of a constitutional right, and we decline to grant a COA on this issue.

## 6. *Entrapment*

Cole argues in claim seven that he was entrapped by the officer posing as a fourteen-year-old, and his constitutional rights were therefore violated. Insofar as he is relying on the Colorado affirmative defense of entrapment, this is a state law claim and therefore does not show a denial of a constitutional right. *Vega v. Suthers*, 195 F.3d 573, 583 (10th Cir. 1999). If, as construed by the district court, Cole was attempting to raise the defense of outrageous government conduct, a defense based on the Due Process clause, this claim also fails. A review of the

record demonstrates that the sting operation in which Cole was arrested was not a situation in which "the government engineer[ed] and direct[ed] the criminal enterprise from start to finish and the defendant contribute[d] nothing more than his presence and enthusiasm." *United States v. Sneed*, 34 F.3d 1570, 1577 (10th Cir. 1994). Reasonable jurists would not debate this analysis, and therefore we decline to grant a COA on this issue.

### 7. Brady *Violation*

In claim eight, Cole alleges the government withheld exculpatory evidence during his trial, specifically, that the area in which Cole initially contacted the police officer was an "adult only" area of the Internet. The district court analyzed this claim under *Brady v. Maryland*, 373 U.S. 83 (1963), and found no violation had occurred. This information, if true, was already known to Cole at the time of his trial, and it was not material under *Brady*, because there was ample evidence that Cole believed he was corresponding with someone who was not an adult. This claim does not present a substantial showing of the denial of a constitutional right, and therefore we decline to issue a COA on this claim.

### 8. *Double Jeopardy*

Cole's eleventh claim is that he was charged "multipliciously," which the district court construed as a claim that he was charged twice for the same act in violation of the Double Jeopardy clause. Applying the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), to the two statutes with which

Cole was charged, the court found no violation since each statute "requires proof of an additional fact which the other does not." *Id.* at 303. Reasonable jurists would not debate that this was the correct application of the *Blockburger* test, and therefore we deny a COA on this issue.

### 9. *Perjured Testimony*

Claim seventeen presents the argument that Cole's conviction violated his due process rights because it was obtained based in part on perjured testimony by the police officer in charge of the sting operation. A review of the full record reveals Cole has presented no evidence that his conviction was based on perjured testimony. Nor has he presented evidence or argument sufficient to show that the district court's conclusion on this issue was debatable or wrong. We therefore deny a COA on this issue.

### 10. *Right to Privacy*

In claim nineteen, Cole asserts that his due process right to privacy was violated when the prosecution used the e-mails he had sent to the police officer involved in the sting. He presents no legal authority for the proposition that there is a reasonable expectation of privacy in e-mails sent to a stranger over the Internet, or that the person to whom the e-mails are directed may not disclose them. The district court found no legal authority for these propositions, either, and reasonable jurists would not debate the correctness of this conclusion. Therefore, we deny a COA on this claim.

*11. Equal Protection*

In claim twenty, Cole asserts his equal protection rights were violated because the statute under which he was convicted criminalized behavior that would have been legal between two consenting adults. Because this statute does not involve a protected classification and does not infringe on a fundamental right, it is Cole's burden to show that the statute lacks a rational basis. *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir. 2008). Because he has failed to do so, he has not established a substantial showing of the denial of a constitutional right, and we deny a COA on this claim.

*12. Ineffective Assistance of Counsel*

In claim twenty-three, Cole alleges he received ineffective assistance of counsel. In order to demonstrate a constitutional violation, he must show that his counsel's performance fell below an objective standard of reasonableness, and that this deficient performance resulted in prejudice to Cole. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Cole's allegations together with the record show that while his counsel did not call any witnesses, interview witnesses by phone, or retrieve allegedly relevant documents mailed to Cole while he was incarcerated, counsel successfully moved for suppression of certain evidence, cross-examined prosecution witnesses, and delivered opening and closing arguments. The district court's determination that counsel's behavior was

reasonable and did not result in prejudice to Cole is not debatable by reasonable jurists. For this reason, we decline to grant a COA on this issue.

## III. Conclusion

We conclude that reasonable jurists could not debate the resolution of the constitutional claims presented. Accordingly, we DENY Cole's request for a certificate of appealability, and DISMISS his appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-14-